# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 1:13-bk-42322 |
| THOMAS KEITH SLIWA, JR. | Chapter 13 |
| | Honorable Carol A. Doyle |
| Debtor(s) | |

## NOTICE OF MOTION

To:  Bridgeview Bank Group
     4753 North Broadway
     Chicago, Illinois 60640

PLEASE TAKE NOTICE that on June 11, 2020 at 10:00 AM, the undersigned will appear before the Honorable Carol A. Doyle at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 619, Chicago, Illinois and will then and there present **DEBTOR'S MOTION TO AVOID JUDICIAL LIEN OF BRIDGEVIEW BANK GROUP** a copy of which is hereby served upon you. **A party who objects to this motion and wants it to be called must file a Notice of Objection no later than two (2) business days before the presentment date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion without a hearing before the date of presentment.**

*/s/ Joseph S. Davidson*

Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

    I, Joseph S. Davidson, an attorney, hereby certify that on May 11, 2020, **DEBTOR'S MOTION TO AVOID JUDICIAL LIEN OF BRIDGEVIEW BANK GROUP** was filed with the Clerk of the Court of the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system. I have mailed this document by United States Postal Service Certified Mail, postage prepaid to:

Bridgeview Bank Group
4753 North Broadway
Chicago, Illinois 60640

*/s/ Joseph S. Davidson*

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In Re:

THOMAS KEITH SLIWA, JR.

Debtor(s)

Case No. 1:13-bk-42322

Chapter 13

Honorable Carol A. Doyle

## DEBTOR'S MOTION TO AVOID JUDICIAL LIEN OF BRIDGEVIEW BANK GROUP

**NOW COMES** THOMAS KEITH SLIWA, JR. (the "Debtor"), through undersigned counsel, pursuant to 11 U.S.C. § 522(f), moving the Court to avoid BRIDGEVIEW BANK GROUP's judicial lien. In support thereof, Debtor asserts as follows:

1. Debtor filed for relief under Chapter 13 of the Bankruptcy Code on October 29, 2013.

2. On January 13, 2014, the case was converted from Chapter 13 to Chapter 7.

3. On February 10, 2014, the Trustee held the § 341 meeting of creditors.

4. Subsequently, the Trustee filed a no-asset report the following day.

5. Debtor received a discharge on April 14, 2014; the bankruptcy case was closed on April 17, 2014.

6. Debtor has contemporaneously moved to reopen his Chapter 7 case.

7. At the time of filing for relief under Chapter 7, Bridgeview Bank Group held a claim against the Debtor as result of judgment entered against the Debtor on October 7, 2013, in the amount of $289,320.25.

8. The following day, on October 8, 2013 Bridgeview Bank Group recorded a Memorandum of Judgment against the Debtor in the Office of the Cook County Recorder of Deeds in the amount of $289,320.25.

9. Debtor owns a residence, being a single-family home located at 4018 West Newport Avenue, Chicago, Illinois 60641 ("Debtor's residence").

10. The value of Debtor's residence at time of Debtor's bankruptcy filng was $235,979.00. *See* Doc. #1, Voluntary Petition, Schedule A.

11. Two mortgages encumbered Debtor's residence – in amount of $268.659.00 and $35,000.00

12. Debtor seek to avoid the judicial lien of Bridgeview Bank Group as, pursuant to 11 U.S.C. § 522(f), the judicial lien of Bridgeview Bank Group impairs their homestead exemption.

13. Section 522(f)(1)(A) of the Bankruptcy Code generally permits a debtor to avoid the fixing of a judicial lien on an interest in the debtor's property to the extent that such lien impairs the debtor's entitlement to an exemption under 11 U.S.C. § 522(b). *See* 11 U.S.C. § 522(f)(1)(A).

14. A "judicial lien" is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36).

15. Bridgeview Bank Group had a judicial lien against Debtor's residence subordinate to both mortgage liens.

16. Section 522(f)(1) provides in relevant part:

The debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –

    (A)    a judicial lien, other than a judicial lien that secures a debt – [for alimony, maintenance, and support].

11 U.S.C. § 522(f)(1)(A).

17. Subsection 2 of § 522(f) provides the mathematical formula for determining impairment as follows:

> For purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of –
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> Exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

18. Hence, under these provisions, a debtor may avoid a judicial lien to the extent that it impairs an exemption to which the debtor would otherwise be entitled.

19. In *Sheth v. Affiliated Realty & Mgmt. Co.* (*In re Sheth*), 225 B.R. 913 (Bankr. N.D. Ill. 1998), the court opined:

> when the property's value, minus the sum of (i) other liens, (ii) the exemption and (iii) the judicial lien, produces a negative number, this is the extent to which the lien should be avoided. This is the extent to which the exemption is impaired. It may be more or less than the face amount of the judicial lien and may result in a full or a partial avoidance of that lien.

*Id*. Accord *In re Silveira*, 141 F.3d 34, 38 (1st Cir. 1998); *Nelson v. Scala*, 192 F.3d 32, 34 (1st Cir. 1998); *In re Falvo*, 227 B.R. 662, 666 (B.A.P. 6th Cir. 1998); *In re Hanger*, 217 B.R. 592, 595 (B.A.P. 9th Cir. 1997), aff'd, 196 F.3d 1292 (9th Cir. 1999); *In re Cisneros*, 257 B.R. 332, 335 (Bankr. D. N.M. 2000).

20. Applying the *Sheth* holding to the instant matter, the Court calculates the judicial lien avoidance as follows:

| | |
|---|---|
| Fair Market Value of Real Estate | 235,979.00 |
| Less Sum of-Mortgage | 303,659.00 |
| Less Homestead exemptions of Debtor | 15,000.00 |
| Judicial Lien | 289,320.25 |
| Sub-total | 607,979.25 |
| Extent of Impairment | - 372,000.25 |
| Net Lien Surviving Avoidance | 0.00 |

21.    Pursuant to §522(f)(2)(A), the sum of (i) the judicial lien ($289,320.25), (ii) all other liens ($303,659.00), and (iii) the amount of the Debtor's homestead exemption ($15,000.00) – which sum equals $607,979.25– exceeds the value that the Debtor's residence would have in an unencumbered state ($235,979.00) and exceeds that value by $372,000.25.

22.    Hence, Bridgeview Bank Group's judicial lien impairs the Debtor's exemption to the extent of $372,000.25.

23.    Accordingly, Bridgeview Bank Group's judicial lien is subject to avoidance in its entirety by the Debtor.

**WHEREFORE**, the Debtor, THOMAS KEITH SLIWA, JR., respectfully requests the Court:

A.  enter an Order avoiding Bridgeview Bank Group's judgment lien in its entirety; and

B.  grant such other relief as the Court deems just and proper.

Dated: May 11, 2020                                Respectfully submitted,

**THOMAS KEITH SLIWA, JR.**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com